## TRUSTEES OF HORTON'S ESTATE v. SHERWIN.

No. 7202—Opinion Filed Feb. 13, 1917.

Rehearing Denied May 1, 1917.

(164 Pac. 469.)

(Syllabus by the Court.)

**1. Damages—Measure—Breach of Contract.**

The measure of damages for the breach of an obligation arising from contract, except where otherwise expressly provided, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom.

**2. Same—Remote Damages.**

Where an action is founded upon the breach of a written contract to accept and pay for certain construction work, plaintiff is not entitled to recover exemplary damages, attorney's fees, and interest paid on money borrowed, as a result of the breach, to meet his obligations, as such are too remote.

Error from County Court, Love County; J. H. Harp, Judge.

Suit by H. C. Sherwin against the trustees of the estate of Horace E. Horton, deceased, proprietors of the Chicago Bridge & Iron Works. Judgment for plaintiff, and defendants bring error. Modified and affirmed.

E. D. Slough, for plaintiffs in error.

J. C. Graham and B. C. Logsdon, for defendant in error.

TURNER, J. On April 7, 1914, defendant in error, H. C. Sherwin, sued "the trustees of the estate of Horace E. Horton, deceased, proprietors Chicago Bridge & Iron Works," in the county court of Love county, in damages for the breach of a contract in writing. The petition substantially states that, pursuant to their contract in writing, dated January 20, 1914, wherein defendant agreed to pay plaintiff $5.94 per cubic yard to do certain concrete work and excavations necessary thereto in Marietta, plaintiff constructed 43 1-3 yards of concrete, aggregating $258.40, and excavated 80 cubic yards of earth, aggregating $40; that the work was completed and tendered about March 1, 1914, at which time there was due and owing plaintiff $298.40 under the contract; that thereupon defendant refused to accept or pay for the work and in so doing breached the contract with plaintiff so to do; that as a result of the breach, plaintiff was compelled to borrow money and pay interest thereon to meet his obligations and to employ counsel to bring this suit, all at a cost of $52.50; that, in performing the contract, he had complied strictly with the plans and specifications prepared by defendant; and that the estimates for the work, when finished, were duly approved by the mayor of the city and the engineer in charge of the work, and duly forwarded to defendant, as required by the contract. But that, disregarding the contract, defendant refused to pay, and within seven days after the work was finished, injured, defaced, and destroyed the same to within about a foot of the bottom thereof, which was retained and used as a foundation of certain concrete work afterwards thereupon erected by defendant. By reason of all of which plaintiff was brought into public disrepute, contempt, and ridicule as a concrete worker, to his damage as a contractor $500, in all, $850.90, for which he prayed judgment. After demurrer to the third and fourth paragraphs of the petition, wherein plaintiff sought to recover, as damages, $52.50 for attorney's fees and interest on borrowed money and $500 punitive damages, which was overruled, defendant answered, and, after a general denial, set up that the work tendered was not according to contract, but was so defective and unfit to serve the purpose for which it was intended that it had to be torn away and built over again by defendant, and, owing to delay, etc., at an expense of $521.81, and prayed that plaintiff take nothing by his suit, and that defendant have judgment against him for $125.41 and costs. Upon the issues thus joined there was trial to a jury, and judgment for plaintiff for $507.40, and defendant brings the case here.

Although conflicting, as the evidence reasonably tended to prove that the contract was entered into as pleaded; that pursuant thereto, plaintiff in all things complied therewith by erecting four concrete piers about three feet square at the top of the ground, and about six feet square at the bottom, and extending into the ground some six feet, upon which it was the intention of the defendant to erect a steel tank as a water tower for the city of Marietta, the verdict of the jury, finding in his favor upon the issue that he had complied with his contract and was entitled to recover for the value of the work, will not be disturbed.

But the court erred in overruling the demurrer to that paragraph of plaintiff's petition wherein he sought to recover interest he says he was compelled to pay on money borrowed to meet his obligations by reason of defendant's breach of the contract in failing to accept and pay for the work, and at-

torney's fees paid to bring this suit, in all $52.50. Also, in overruling the demurrer to the paragraph of the petition wherein he sought to recover $500 exemplary damages on account of said breach and the practical destruction of the work by defendant, which, he says, brought him into public disrepute, contempt, and ridicule as a concrete worker. This for the reason that said attorney's fees and interest on borrowed money are too remote, and unauthorized by any statute called to our attention. Besides, such do not fall within the purview of Rev. Laws 1910, sec. 2852, which reads:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin."

See Southwestern, etc., Co. v. Stribling, 18 Okla. 417, 89 Pac. 1129.

As to plaintiff's right to recover exemplary damages, it is only for the breach of an obligation not arising from contract where such right exists; not here where a breach of an obligation arising from contract is counted on. Rev. Laws 1910, sec. 2851. In such an action exemplary damages cannot be recovered, in the absence of statute. In his latest excellent work on Contracts, Mr. Elliott, in volume 3, sec. 2124, says:

"As a general rule, there can be no recovery of exemplary damages for the breach of a contract, for this class of damages depends on the motive of the party sought to be charged with liability, and liability for breach of contract does not, ordinarily, concern itself with motives." 12 Am. & Eng. Enc. L. p. 20.

For the reasons stated, instructions 4 and 4½ are erroneous, as the error in ruling on the demurrer is carried into those instructions which permit a recovery on those paragraphs of the petition.

We are therefore of opinion that, while plaintiff was entitled to recover $298.40, being the contract price of the work, the remainder of his recovery should be remitted, which, when done, the judgment may stand affirmed; otherwise the cause is reversed and remanded for a new trial. Let the costs be equally divided between plaintiff and defendant.

All the Justices concur.