## SINCLAIR REFINING CO. v. SHAFFER.

No. 27053. Oct. 13, 1936.

V. R. Tomlinson and E. C. Armstrong, for plaintiff in error.

J. N. Fortner and H. C. Ray, for defendant in error.

CORN, J. This is an action to recover damages for breach of contract. It was originally brought in the district court of McCurtain county by Cleo C. Shaffer, as plaintiff, against Sinclair Refining Company and J. E. Fincher, defendants. Before the trial the action was dismissed as to Fincher. The jury returned a verdict in favor of the plaintiff for the sum of $929.20, of which amount the sum of $429.20 was for compensatory damages, and the sum of $500 for punitive damages. The trial court rendered judgment upon the verdict accordingly, and the defendant, Sinclair Refining Company, brings this appeal. For brevity the parties will be referred to herein as Shaffer, Fincher, and Sinclair.

Fincher was bulk sales agent for Sinclair at Idabel, and also owned a filling station property there, which he leased to Shaffer for the purpose of operating a service station for retailing Sinclair products. Sinclair entered into a written contract with Shaffer designated as "Equipment Rental Agreement", by which Sinclair rented to Shaffer the necessary equipment for handling, storing, dispensing, and advertising said products, said agreement to continue as long as mutually agreeable to the parties, but providing that either party may terminate the same at any time upon giving 30 days' written notice to the other party. Fincher signed the "Land Owner's Contract," consenting to the installation of the equipment, disclaiming any title or right therein by reason of the installation, and agreeing to the removal thereof by Sinclair as specified in the agreement.

About six weeks after Shaffer commenced operating under the contract, Fincher and

one J. D. Carmichael, representatives of Sinclair, went to the station and proposed buying out Shaffer in order that they might place one Buster Westmoreland in charge of the station, but they failed to reach an agreement with Shaffer to sell out to them or to Westmoreland. The next day Fincher went to Shaffer's filling station and removed the handles and hose from the pumps and carried them away without the consent and over the protest of Shaffer, thereby depriving Shaffer of the use of the equipment and forcing him out of business.

Sinclair's answer, in addition to a general denial, specifically alleges that Shaffer had breached the contract by failure to operate the station; that he used other products than the products of Sinclair, and that the contract was terminated by mutual consent.

The evidence showed that Shaffer operated the filling station and his sales records showed that he did considerable business notwithstanding the fact that the street in front of his place of business was closed on account of street paving construction work which was being done at the time. The evidence also showed that one of Shaffer's customers who operated a truck bought his gasoline at the station, but would not use the Sinclair oil, and that he bought his oil elsewhere and brought it there in cans and put it into his motor. The evidence also showed that Shaffer protested against the actions of Fincher in removing the essential parts of the equipment, and that he did not consent to the termination of the contract. Fincher, called as a witness on behalf of Sinclair, testified that he had authority to make contracts for the Sinclair Refining Company, and such testimony is binding upon the party offering it, even though it was given on cross-examination. He also testified that he discussed his method of getting Shaffer out with J. D. Carmichael, representative of Sinclair, and that he approved the same.

It has been repeatedly held by this court that where there is testimony reasonably tending to support the verdict, the Supreme Court will not substitute its judgment for that of the jury, and the determination of fact by the jury will not be disturbed on appeal.

Sinclair excepted to the instructions of the court with reference to punitive damages, and contends that the giving of said instruction was error. This contention is well founded for the reason that the question of whether punitive damages may be allowed in an action founded upon contract is a question of law for the court, and the trial court erred in not sustaining the demurrer to that part of plaintiff's petition, and also in submitting the same to the jury.

Section 9963, O. S. 1931, provides as follows:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin."

Section 9962, O. S. 1931, provides as follows:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

An examination of plaintiff's petition discloses that this action is founded upon contract and not upon tort, and he must look to section 9963, supra, for the measure of damages to be recovered.

In the case of Trustees of Horton's Estates v. Sherwin, 63 Okla. 259, 164 P. 469, this court held:

"As to plaintiff's right to recover exemplary damages, it is only for the breach of an obligation not arising from contract where such right exists; not here where a breach of an obligation arising from contract is counted on. * * * In such an action exemplary damages cannot be recovered in the absence of statute."

The judgment of the trial court is affirmed as to the compensatory damages allowed in the sum of $429.20, but is reversed as to the punitive damages. Judgment affirmed as modified.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and PHELPS, JJ., concur. RILEY, BAYLESS, BUSBY, and GIBSON, JJ., absent.