## OKLAHOMA NATURAL GAS CO. v. GRAHAM.

No. 29682. Feb. 4, 1941.

Rehearing Denied Feb. 25, 1941.

Application for Leave to File Second Petition for Rehearing Denied March 18, 1941.

*111 P. 2d 173.*

Underwood, Canterbury, Pinson & Lupardus, of Tulsa, for plaintiff in error.

Speakman & Speakman, of Sapulpa, for defendant in error.

PER CURIAM. This action was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover damages to health alleged to have been sustained as the result of wrongful disconnection of gas service.

The plaintiff alleged, in substance, that during her absence from home the defendant had wrongfully disconnected her gas service; that due to the lack of a telephone in the house she had to expose herself to cold and rain in order to report the breach of service to the defendant, and that in an endeavor to obtain a restoration of her service she had been compelled to leave the premises a number of times, and that as a result of such exposure and of having to remain in an unheated house several hours she contracted a severe cold, which resulted in injury to her general health, and that although she had been damaged in an amount in excess of $3,000, she waived any such excess in order to prevent a removal of the cause to the federal courts. Motion to strike certain portions of the plaintiff's petition was overruled, as was likewise a general demurrer filed to said petition. The defendant saved proper exceptions in each instance, the defendant thereupon answered with a general denial and a plea of contributory negligence.

The parties waived a jury and tried the cause to the court. The defendant requested certain findings of fact and conclusions of law. The court made its own independent findings of fact and conclusions of law, and found, in substance, that the defendant had been negligent in disconnecting the gas service and that this was the proximate cause of plaintiff's resulting disability. In accordance with said findings the court rendered judgment in favor of plaintiff and assessed her recovery at the sum of $500. Motion for new trial was overruled, and defendant has perfected this appeal.

The defendant sets up three propositions in its brief, but confines its dis-

cussion almost entirely to the insufficiency of the evidence to sustain the judgment of the trial court, and for this reason we will only discuss this contention, for reasons hereinafter appearing the other contentions with reference to error in overruling the motion to strike and the demurrer to the petition being disposed of thereby. The defendant contends that though the facts in the case at bar are in many respects similar to those involved in Oklahoma Natural Gas Co. v. Pack, 186 Okla. 330, 97 P. 2d 768, the rule enunciated in the foregoing case should not be applied here. The defendant seeks to differentiate the case at bar from the cited case on the ground that there exist here no such assurances as were made to the plaintiff in the above-cited case. We are unable to agree with this contention. There is ample evidence in the record to establish the fact that the defendant was negligent when it disconnected the plaintiff's gas service, and that the plaintiff acted with reasonable prudence in leaving her house to report the fact to the defendant and in attempting to have her service restored. The evidence is also undisputed that she contracted a severe cold immediately following her exposure, and that the doctor who was called to treat her was of the opinion that the exposure which she had undergone while her gas service had been disconnected had caused the disability which the plaintiff had sustained. The medical testimony offered by the defendant corroborated that of plaintiff. While it is a matter of judicial knowledge that the common cold is prevalent and may be contracted by individuals under circumstances which offer no plausible explanation, nevertheless this court is committed to the rule that where the cause and extent of a disability alleged to have resulted from a negligent act is of such a nature as to require the testimony of expert medical witnesses, proof of fact is to be made by such witnesses (Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785; Inter-Ocean Oil Co. v. Marshall, 166 Okla. 118, 26 P. 2d 399); the reason for the rule being that it is only in this manner that the trier of the facts can arrive at the nearest approach to a correct decision; the ultimate conclusion, however, to be reached in such case remains with the trier of the facts and is based upon the testimony which is most satisfactory and convincing under the circumstances. The question of proximate cause likewise remains with the trier of the facts. St. Louis & S. F. Ry. Co. v. Davis, 37 Okla. 340, 132 P. 337. In the case at bar the action was one sounding in tort, and therefore controlled by the rules applicable to actions ex delicto rather than actions ex contractu, and a jury having been waived and the cause tried to the court, the questions of fact, including proximate cause, were matters for the determination of the trial court, and its judgment must be accorded the same consideration as the verdict of a properly instructed jury. Atlantic Refining Co. v. Fulsom, 185 Okla. 357, 91 P. 2d 758. As said in Oklahoma Natural Gas Co. v. Courtney, 182 Okla. 582, 79 P. 2d 235:

"A party guilty of negligence or omission of duty is responsible for all the consequences which a prudent and experienced party, fully acquainted with all the circumstances which in fact exist, whether they could have been ascertained by reasonable diligence or not, would have thought at the time of the negligent act as reasonably possible to follow, if they had been suggested to his mind."

The negligence of the defendant in disconnecting the gas service having been admitted, liability for any damage which proximately resulted followed. The trial court found upon the facts in favor of plaintiff, and such finding is supported by the evidence shown in the record. The judgment is in accordance with the principles of law announced in the prior decisions of this court, and therefore no reversible error is presented.

Judgment affirmed.

CORN, V. C. J., and OSBORN, GIBSON, HURST, and DAVISON, JJ., concur.