The GREAT ATLANTIC & PACIFIC TEA COMPANY, a corporation, Plaintiff in Error,

v.

J. S. MULLEN, Defendant in Error.

No. 36612.

Supreme Court of Oklahoma.

July 20, 1956.

Rehearing Denied Sept. 11, 1956.

Atlantic & Pacific Tea Company, in Ardmore, Oklahoma. After jury verdict and judgment in favor of plaintiff, The Great Atlantic & Pacific Tea Company appeals. The parties will be given their trial court designations.

Defendant, in argument for reversal, contends that the evidence was wholly insufficient to sustain a recovery against the defendant. In this connection the evidence shows that plaintiff went to defendant's store to shop for groceries. Plaintiff entered the front or north door of the store. He went around the check stand near the front of the store, and walked south down a central aisle. He there turned left in an east-west aisle toward the east wall and entered another aisle and turned south. No contention is made by plaintiff that there were any baskets on the floor in the aisles as he walked in this southeasterly direction. Plaintiff estimated that he spent about fifteen minutes in going to the rear of the store and completing his shopping. He then started his return journey to the check stand near the north or front door. He returned by the same route that he had travelled in going to the southeast corner of the store. That is, he walked north in the east aisle. As he came to the intersection with the east-west aisle he testifies that he looked across to the west side of the building and saw someone in a gown or apron who was bareheaded. He testified that this individual was an employee of the store. He thought it was the manager of the store, June Rogers. He further testified that this employee was in the central aisle of the store, about thirty feet from plaintiff, and was going north. Plaintiff further testified that this employee was "within ten feet", of where plaintiff later fell over the wire basket.

John N. Touchstone, Dallas, Tex., George & George, Ardmore, for plaintiff in error.

Joe B. Thompson, Marvin Shilling, Ardmore, for defendant in error.

JACKSON, Justice.

This is a personal injury action wherein plaintiff, J. S. Mullen, sustained injuries from a fall over a wire basket while shopping in defendant's store, The Great

Plaintiff testified that in continuing his return journey he turned west into the east-west aisle, then turned north into the central aisle where he had just seen the store employee. That plaintiff continued north a few steps in the central aisle where he fell over the wire basket and suffered injuries.

We think plaintiff's testimony is sufficient to support the conclusion that the basket was in the central aisle when the store employee walked near it and that this employee, in the exercise of ordinary care saw, or should have seen, the basket while he was in the aisle near the basket.

■ A verdict and judgment will not be disturbed by this court if there is any competent evidence reasonably tending to support the same. Elson v. Walker, 80 Okl. 237, 195 P. 899.

■ In order to develop defendant's argument it is necessary to notice that June Rogers was named as a party defendant in plaintiff's petition. The trial court instructed a verdict in Rogers' favor for the reason that plaintiff was not certain that the employee was June Rogers, and other proof was positive that Rogers was not in the store from the time plaintiff entered it until the time of his fall.

Defendant contends that there was a variance between the plaintiff's petition and his proof and that since it was not June Rogers in the aisle, as alleged, that the court should have directed a verdict in favor of defendant, The Great Atlantic & Pacific Tea Company. Plaintiff's testimony as to "an employee", in the aisle, as distinguished from June Rogers, was admitted without objection on the part of defendant.

■ In the third paragraph of the syllabus in Chicago, R. I. & P. Ry. Co. v. Pedigo, 123 Okl. 213, 252 P. 1095, 1096, this court held:

"A verdict for an employee of the railroad company who is joined with the latter in an action for tort does not relieve the master from liability as vice principal, where the evidence is such that the jury may have concluded that the negligence of another employee, who was not joined in the action, was the proximate cause of the injury."

From what has been said it follows that the trial court was not in error, as contended, in giving Instruction No. 8, wherein the jury was instructed that "negligence of a servant or employee committed in the course of his employment is attributable to the employer * * *."

■ Defendant next complains that the trial court did not instruct the jury upon the issue of "notice or knowledge required before the defendant could be held liable." We find no merit in this contention. In this connection it will be observed that plaintiff did not present his case upon the theory that the basket had remained in the aisle for a sufficient time for defendant's servant to have constructive notice or knowledge. Plaintiff's case is based solely upon negligence of an employee in being in the aisle near the basket and seeing it, failed to pick it up; or, that this employee, being in the aisle, should have seen and removed the basket.

In Instruction No. 6, the jury was told:

"You are instructed that a storekeeper is charged with knowledge of the conditions of the aisles of the floor of his store, which in the exercise of reasonable care the storekeeper could have ascertained. In determining in this case whether or not the defendant knew or by the exercise of reasonable care could have known of the condition of which plaintiff now complains you may take into consideration the physical arrangements of defendant's store, the arrangement of the aisles and the purposes for which they are used by the public, the manner in which the customers entering said store are served, and any other facts which have been admitted in evidence."

In Instruction No. 10, the jury was instructed:

"You are charged that the defendant was not required to keep said passageway free and clear of all obstacles, but was only required to use ordinary care and prudence and keep the passageway free and clear of those objects which a person of ordinary care and prudence would not have permitted. The presence of the basket and the

happening of the accident proved nothing. The plaintiff must go further and prove that the defendant failed to exercise ordinary care and prudence. Unless plaintiff has proved negligence on the part of the defendant your verdict must be for the defendant."

We think these instructions correctly presented the issue as raised by the evidence. Where instructions fairly and reasonably present the issues joined by the pleadings and presented by the evidence, they are sufficient. Wichita Falls & N. W. Ry. Co. v. Puckett, 53 Okl. 463, 157 P. 112.

Defendant complains of the trial court's definition of "negligence" and invites our attention to the concluding paragraph of Instruction No. 3.

In Instruction No. 3, the court defined ordinary care, negligence, contributory negligence and proximate cause. The definition of "negligence", as used by the court, was a standard form which has been approved by this court. The concluding paragraph of the definition of "proximate cause", of which complaint is made, is as follows:

"For an act of negligence to be deemed the 'proximate cause' of an injury, the injury sustained as a result of the act must be shown to have been such as could have been reasonably *forseen* by a prudent person in the exercise of due care, although it might not have been specifically contemplated or anticipated."

It is contended that "prudence" involves a higher degree of care than the exercise of due care, because it requires knowledge, judgment and consideration.

The use of the word "prudent" in the definition of proximate cause has been approved in Oklahoma Natural Gas Co. v. Graham, 188 Okl. 521, 111 P.2d 173.

Finally, it is contended that the giving of Instruction No. 5 was argumentative and results in prejudicial error. The Instruction follows:

"You are instructed in this case the plaintiff being a customer in said store, is what is known as an invitee at said place, plaintiff was not required to make a critical examination of the aisles of the store through which he walked and in the absence of knowledge to the contrary he had the right to assume that they were reasonably safe and such assumption should be taken into consideration by you in determining whether the plaintiff was guilty of contributory negligence which contributed to his injury."

It is argued that whether plaintiff is required to make a critical examination is a question of fact for the jury. Further, that this instruction told the jury that plaintiff was not guilty of contributory negligence, because plaintiff was acting under an assumption. We think, standing alone, there is merit to this argument. However, in Instruction No. 12, the jury was told that " * * * a person entering a self-service store is required to exercise ordinary care and prudence commensurate with the known dangers. If you find and believe from a preponderance of the evidence that the presence of an object in the aisleway in the same and similar manner and in the location in which the plaintiff claims that the basket was located is such a risk and hazard which a person of ordinary care and prudence should have anticipated and have guarded against, then your verdict must be for the defendant."

In Instruction No. 16, plaintiff was required to prove, among other things, that the presence of the basket in the aisle created a hazard which was unknown or could not have been known by the exercise of reasonable care and prudence by the plaintiff.

We do not believe the jury was misled. In Chicago, R. I. & P. Ry. Co. v. Newburn, 39 Okl. 704, 136 P. 174, this court held that although an instruction misstates the law, it is not ground for reversal, where, when taken with the other instructions, it appears that the jury was not misled.

We have examined the instructions as a whole and are convinced that the instructions were as favorable to the defendant as to the plaintiff.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN and DAVISON, JJ., concur.

HALLEY BLACKBIRD and HUNT, JJ., dissent.

HALLEY, Justice (dissenting).

It is my view of this case that the majority places far too great a burden upon a retail merchant. There is no testimony in the record in this case to show that any employee of the defendant either knew of, or saw the basket setting in the aisle of the store. The plaintiff testified that June Rogers, the manager of the store, was in the aisle ahead of him but it is now undisputed that June Rogers was not in the store at the time of the accident and had not been for some time. When this developed, the plaintiff testified he saw a man with an apron on in the aisle and that he was an employee of the store. His testimony as to the agency was pure conjecture.

Even if there was an employee of the defendant in the aisle ahead of plaintiff it was not shown that the clerk saw the basket. His attention may have been drawn to other conditions or activities in the store.

The rule is not as the majority opinion holds that the defendant is liable if the employee in the exercise of ordinary care saw or should have seen the basket in the aisle. The owner of the store was not an insurer of plaintiff's safety. His duty was only to exercise ordinary care for the customer's safety. It is well settled that in order to impose liability for injury to an invitee in a retail store, the dangerous condition must have been known to the owner or his servants, agents or employees, or should have existed a sufficient length of time that they should have known about it in the exercise of ordinary care. 65 C.J.

S., Negligence, § 51, and Owen v. Kitterman, 178 Okl. 483, 62 P.2d 1193.

No one testified that the basket was in the aisle when it is said the employee was near where the accident happened. Before he can be charged with negligence he must have seen the basket or it must have been there a sufficient length of time that he should have seen it in the exercise of ordinary care. The basket could have been shoved into the position where the accident happened after the employee had passed it. The record is entirely lacking of any evidence showing in any way how long the basket had been where it was. We have no right to presume it was there at the time and then presume that the employee saw it.

The majority opinion says that plaintiff did not present his case upon the theory that the basket had remained in the aisle for a sufficient time for defendant's servant to have constructive notice or knowledge and that plaintiff's case is based solely upon negligence of an employee in being in the aisle near the basket and seeing it, failed to pick it up, or, that this employee being in the aisle, should have seen and removed the basket. This assumes that the basket was in the aisle when the purported employee passed by. There is no evidence that it was there at that time.

I call attention to two cases from other jurisdictions involving somewhat the same facts as the case at bar and to me are quite persuasive. One is Gargaro v. Kroger Grocery & Baking Co., 22 Tenn.App. 70, 118 S.W.2d 561, 563, wherein a basket was in the aisle as here but the evidence showed that it was placed there by a customer for a period of twenty to thirty minutes before plaintiff fell over it. The general duties of an operator of a retail store are set out in the opinion and I quote from it:

"The proprietor, owner, or management of a retail store such as that operated by the defendant in this case is under an obligation to exercise ordinary care and diligence to maintain the premises in a reasonably safe condition for the patrons or customers of the

store, who enter and remain therein as invitees. Such a proprietor or owner is not an insurer of the safety of customers in the store, but is liable only if injury results from a breach of the duty to use or exercise ordinary care for their safety and protection. Such is the rule in Tennessee, and it is well nigh universal in America. Buckeye Cotton Oil Co. v. Campagna, 146 Tenn. 389, 394, 242 S.W. 646; Loew's Nashville & Knoxville Corp. v. Durrett, 18 Tenn.App. 489, 79 S.W.2d 598; Bennett v. Louisville & N. R. Co., 102 U.S. 577, 26 L.Ed. 235; Armstrong v. Kroger Grocery & Baking Co., Mo. App., 78 S.W.2d 564; S. S. Kresge Co. v. Fader, 116 Ohio St. 718, 158 N.E. 174, 58 A.L.R. 132; Annotations, 61 A.L.R. 1289."

The other case is Casciaro v. Great Atlantic & Pacific Tea Co., 238 Mo.App. 361, 183 S.W.2d 833, 837, wherein the plaintiff fell over some boxes in the aisle of a retail store. In that case a judgment for the plaintiff was reversed. On the point pertinent to this case this was said:

"Although defendant owed to plaintiff the duty to exercise ordinary care to keep and maintain the aisles of its store in a reasonably safe condition for his use as its invitee, it was not an insurer of plaintiff's safety while he was in the store. Defendant could be held to be liable only if, by failure to exercise ordinary care, it placed the boxes in the aisle in such a position as to render the aisle not reasonably safe for the use of its customers, or if it permitted the boxes to remain there after it knew, or by the exercise of ordinary care could have known, of their presence for a sufficient length of time wherein by the exercise of ordinary care it could

have removed them and thus have rendered the aisle reasonably safe. Robinson v. Great Atlantic & Pacific Tea Co., 347 Mo. 421, 423, 147 S.W.2d 648, 649, 650."

There was a total absence of evidence on the "lapse of time" in the case at bar. The mere fact that a person preceded plaintiff up the aisle who plaintiff thought was an employee of the defendant is no evidence as to the time the basket had been on the floor or evidence that that person saw the basket. Certainly liability should not attach to the defendant on the ground that an employee should have seen the basket when no evidence was introduced showing how long the basket was on the floor. The existence for a fleeting moment certainly should not fix liability upon the employer. On this point I quote from Owen v. Beauchamp, 66 Cal.App.2d 750, 152 P.2d 756, 757:

"When there is evidence that the dangerous condition existed and that invitor had caused it or should have known of its presence by reason of the lapse of time, then the fact of liability is to be determined from all of the evidence. But in the absence of such proof it is the duty of the court to direct a verdict for the defendant. * * *"

The plaintiff saw no basket in the aisle when he went to the rear of the store. To hold defendant liable in this case would make him an insurer of the safety of his patrons. We have not as yet put that burden upon a retail merchant.

There are many more errors in this case but I will not attempt to enumerate or discuss them for I think that the lack of any evidence to show how long the basket had been in the aisle necessitated the sustaining of the demurrer of the defendant to the evidence. I dissent.