**T. N. BURTON, Petitioner,**

**v.**

**E. A. JUZWIK, Respondent.**

**No. 45753.**

Supreme Court of Oklahoma.

June 25, 1974.

David H. Loeffler, Jr., Loeffler & Allen, Bristow, for petitioner.

Harry M. McMillan, Blackstock & McMillan, Bristow, for respondent.

IRWIN, Justice:

Petitioner [plaintiff], commenced proceedings against respondent [defendant], to recover actual and punitive damages allegedly sustained because defendant breached an oral trust agreement. Plaintiff's action was based on an alleged oral contract whereby defendant, as trustee, acquired title to an oil and gas lease and in breach of the trust, conveyed the oil and gas lease to an innocent third party.

The trial court sustained defendant's motion to strike plaintiff's allegations relating to punitive damages and struck plaintiff's action from the jury docket.

Presented for review is a Certified Interlocutory Order which places in issue plaintiff's right to assert a claim for punitive damages and right to a jury trial. In resolving the issue relating to punitive damages we must determine whether plaintiff's action comes within the purview of 23 O.S.1971, § 9, which provides:

> "In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actually or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

Briefly summarized, plaintiff alleged that: The owners of an oil and gas lease orally agreed to sell the lease to plaintiff's agent and plaintiff paid his agent $2,000.00 for an undivided 1/32nd interest in the lease. Thereafter, the owners of the lease, plaintiff's agent, and defendant orally agreed that defendant would pay the balance of the purchase price of the lease;

the lease would be transferred to defendant; and defendant would hold the lease in trust for plaintiff and the other rightful owners. The lease was transferred to defendant but defendant transferred the lease to a third party.

In plaintiff's allegation for actual damages, plaintiff alleged that in breach of the trust and oral agreement to convey to plaintiff his undivided 1/32nd interest, defendant assigned the entire lease to a third party and the assignee took the same without notice. Plaintiff alleged that the value of his interest in the lease was $2,000.00, and that he had been damaged $2,000.00 for the wrongful acts of defendant in breaching his oral agreement to convey plaintiff his undivided 1/32nd interest in the lease which defendant held in trust for him.

Plaintiff's allegations relating to punitive damages, which were stricken by the trial court, were: The assignment by defendant of plaintiff's undivided 1/32nd interest in the lease to a third party, which defendant held in trust for plaintiff, was done falsely, fraudulently, willfully and maliciously with the intent to defraud plaintiff of his interest, and in addition to his actual damages, he was entitled to punitive damages in the sum of $6,000.00.

Plaintiff contends that the relationship between defendant and himself was that of trustee/beneficiary and a suit upon breach of a fiduciary duty is not an action based upon contract and § 9 supra, authorizes an award for punitive damages.

In Powell v. Chastain (1957), Okl., 318 P.2d 859, we said that the classic example of a resulting trust is a situation wherein a transfer of real property is made to one person and the consideration therefor is paid by another person; and under such circumstances a trust is presumed to result in favor of the person by or for whom such payment is made.

According to plaintiff's petition, the oil and gas lease was transferred to defendant, and plaintiff paid $2,000.00, through his agent, for an undivided 1/32nd interest in

the lease. Whatever might have been the relationship between plaintiff and defendant after the lease was transferred to defendant, the transfer was made pursuant to an oral agreement between the prior owners, plaintiff's agent, and defendant. It is for the breach of this alleged oral agreement that plaintiff seeks damages because the trust was created pursuant to the alleged oral agreement and the rights and obligations of the parties must be measured by the alleged oral agreement.

Plaintiff contends that the gravamen of his action sounds in tort regardless of the nature of the original relationship between the parties and in such instances punitive damages may be awarded.

Plaintiff cites Fort Smith & W. R. Co. v. Ford, 34 Okl. 575, 126 P. 745, wherein we held:

"A petition stating a contract of carriage and charging an injury consequent upon a violation of a duty owing plaintiff, in an action against a common carrier, states a cause of action sounding in tort rather than contract, although it alleges an express contract as an inducement; the gist of the action being defendant's breach of a public duty."

In the Ford case, plaintiff had purchased a railway ticket from Spiro to Skullyville and the train did not stop at Skullyville and plaintiff was carried beyond his destination. An examination of the case discloses that punitive damages were allowed on the theory that plaintiff's action was not based upon breach of contract of carriage but the gravamen or gist of plaintiff's action was for breach of a duty owing to the public imposed by law.

In Hobbs v. Smith, 27 Okl. 830, 115 P. 347, plaintiffs purchased some hogs from defendant and the hogs had cholera. The hog cholera was communicated to plaintiffs' other hogs and a number of plaintiffs' hogs died. Plaintiffs sought damages in the nature of expenses incurred by them for caring for the diseased hogs, renovating their premises to stop the cholera from

spreading and the death of their hogs. Therein we held:

"Where the relation between the parties to an action has been established by contract, express or implied, if the law imposes certain duties because of the existence of the relationship created, a violation of the contract obligations may be waived and an action in tort maintained, for any violation of such imposed dut[y]."

The court said that it is manifest that the defendant owed plaintiffs the duty, if he knew the hogs were infected with cholera, not to sell them to plaintiffs so they would come in contact with plaintiffs' hogs, and thus infect them with cholera. Defendant not only breached the contract, i. e., failing to deliver healthy hogs, but also breached his common law duty in delivering to plaintiffs the diseased hogs. Punitive damages were allowed because defendant breached his common law duty in knowingly delivering the diseased hogs to plaintiffs and part of plaintiffs' actual damages resulted from the diseased hogs contaminating plaintiffs' healthy hogs and premises.

The issue in Oklahoma Natural Gas Co. v. Pack, 186 Okl. 330, 97 P.2d 768, did not involve the right to assert a claim for punitive damages but the measure of actual damages. Therein we quoted with approval I R.C.L. 321, wherein it is stated:

" * * * a duty or obligation, the violation of which gives rise to a cause of action, may be created by contract or by positive law independent of contract. There is a broad distinction between causes of action arising ex contractu and ex delicto, and a mere matter of contract cannot be converted into a tort. But there may be a duty imposed by law, by reason of the relation of the parties, although the relation was created by contract, and when this is so, a neglect to perform this duty gives the injured person a right of action, and he may elect to sue upon the contract, or treat the wrong as a tort, and bring an action ex delicto."

An analysis of the decisions which in effect hold that the "injured party may elect to sue upon the contract or treat the wrong as a tort and bring an action ex delicto" discloses the gravamen of the action was not for breach of contract, but for the tortious conduct of the defendant in the performance or non-performance of a duty imposed by law, by reason of the relationship of the parties, although the relationship may have been created by contract.

In Sinclair Refining Co. v. Shaffer, 177 Okl. 610, 61 P.2d 571, we quoted with approval from the case of Trustees of Horton's Estate v. Sherwin, 63 Okl. 259, 164 P. 469, the following:

"As to plaintiff's right to recover exemplary damages, it is only for the breach of an obligation not arising from contract where such right exists, not here, where a breach of an obligation arising from contract is counted on. * * *. In such an action exemplary damages cannot be recovered in the absence of statute. * * *."

In the case at bar the relationship between plaintiff and defendant was created by virtue of the alleged oral agreement. Defendant allegedly breached the alleged oral agreement by conveying the entire oil and gas to a third party instead of conveying to plaintiff his undivided ⅟₃₂nd interest. The gravamen of plaintiff's actions was based upon breach of the alleged oral agreement to convey to plaintiff his undivided ⅟₃₂nd interest in the lease, and the rights and obligations of both plaintiff and defendant must be measured by this alleged oral agreement. There is no statutory authorization allowing punitive damage in the case at bar.

If, as contended by petitioner, he is entitled to assert a claim for punitive damages, 23 O.S.1971, § 9, has no force or effect, if in a cause of action for punitive damages arising out of breach of contract, plaintiff merely alleges that the breach "was done

falsely, fraudulently, willfully, and maliciously with the intent to defraud * * *."

We hold that the gravamen of plaintiff's action is for breach of an obligation arising from contract and the trial court correctly sustained defendant's motion to strike from plaintiff's pleadings his allegations relating to punitive damages.

The issues to be adjudicated are not sufficiently framed as the case now stands for this Court to determine the correctness of the trial court's order striking the case from jury docket. Therefore, the correctness of the trial court's order in this regard will not be adjudicated.

Certiorari to review Certified Interlocutory Order granted in part; the trial court's order striking plaintiff's allegations relating to punitive damages affirmed; the trial court's order striking the case from the jury docket not adjudicated.

DAVISON, C. J., and BERRY, HODGES and LAVENDER, JJ., concur.

WILLIAMS, V. C. J., and SIMMS and DOOLIN, JJ., dissent.

BARNES, J., not participating.

DOOLIN, Justice (dissenting).

The principal vice of the majority opinion is that the Appellant (Plaintiff) did allege in paragraphs four, five and six of his petition that the action of the Appellee (Defendant) was tortious. More particularly, in paragraph six, the Appellant made the following allegations:

"That the assignment by the said E. A. Juzwik (Defendant) of the undivided 1/32nd interest in said leases which he held in trust for this plaintiff to Helmco, Ltd., Inc., as aforesaid, was done *falsely, fraudulently, willfully, and maliciously* with the *intent to defraud* plaintiff of his said interest in said leases which the said E. A. Juzwik held in trust for him." (Emphasis and parenthetical word supplied.)

Following the allegation as last described, Plaintiff sought punitive damages in the sum of $6,000.00.

Simplifying the pleadings, it is my opinion that Plaintiff alleged the existence of the aforementioned contract as a trust agreement and then elected to pursue recovery ex delicto, including punitive damages.

In response to the pleadings mentioned aforesaid, the Appellee (Defendant) filed, among other pleadings, a demurrer. It is fundamental in dealing with a demurrer that the Court must treat every allegation of the plaintiff, and logical conclusions arising therefrom, in a light most favorable to such party. This, in my opinion, includes the very existence of the trust agreement which the majority seems to feel must be established before any recovery of any kind could be made. I do not quarrel with the majority when it correctly states that the existence of a contract (trust agreement) is ordinarily an equitable matter. I do find fault with the majority, however, when it completely overlooks the effect of the Defendant's (Appellee's) demurrer. No citation is necessary when I would remind the majority that "a petition must be liberally construed upon a demurrer." [1]

Burton (Appellant) contends, among other things, that the gravamen of his cause of action against Juzwik (Appellee) is not the oral contract or trust agreement, but is Appellee's willful, malicious, and intentional breach of contract, tortious in nature, entitling Appellant to both punitive damages and a jury trial. Appellee contends, on the other hand, that the gravamen of Appellant's cause of action is equitable to establish a resulting or constructive trust arising from an oral contract, not subject to 23 O.S.A.1971 § 9 or giving right to a jury trial.

In the early case of Oklahoma Natural Gas Co. v. Pack, 186 Okl. 330, 97 P.2d 768 (1939), a case involving the differential in damages between contract and tort action,

1. 11A Oklahoma Digest, Pleading, ⬭34(1).

this Court held that ". . . the contention that plaintiffs are limited to an action for breach of contract is incorrect." In its first syllabus in that case, this Court held:

"Accompanying every contract is a common law duty to perform the thing agreed to be done with care, skill, reasonable expediency, and faithfulness, and a negligent failure to observe any of these conditions is a tort as well as a breach of contract, and the injured party may elect to sue upon the contract or treat the wrong as a tort and bring an action ex delicto."

This Court has consistently followed this rule as to both negligent and intentional failure to perform contractual obligations. See Jackson v. Central Torpedo Co., 117 Okl. 245, 246 P. 426, 46 A.L.R. 338; Oklahoma Natural Gas Co. v. Graham, 188 Okl. 521, 111 P.2d 173; Morriss v. Barton, 200 Okl. 4, 190 P.2d 451, and Hall Jones Oil Corp. v. Claro, 459 P.2d 858 (Okl.1969).

Either by an examination of the pleadings as suggested by Vogel v. Cobb, 193 Okl. 64, 141 P.2d 276, 148 A.L.R. 774, or by inquiry into the nature of the grievance for which redress is sought as required by *Morriss,* supra, it can be seen that Appellant alleged a cause of action tortious in nature, and should not have been restricted to contract action recovery or equitable actions procedures by the rulings of the trial court. As this Court said at syllabus 2 in *Jackson,* supra:

"Where the transaction complained of had its origin in a contract which places the parties in such a relation that in attempting to perform the promised service the tort was committed, then the breach of the contract is not the gravamen of the action. The contract in such case is mere inducement, creating the state of things which furnishes the occasion of the tort, and in all such cases the remedy is an action 'ex delicto' and not an action 'ex contractu.' "

I am persuaded the instant case falls within that above rule, since the grievance Appellant seeks to redress is the alleged wrongful transfer of his interest in the aforesaid leases—however that tort was occasioned, and regardless of the contractual nature of the obligation which was violated.

Appellee suggests that Appellant's cause of action arises solely in contract under 23 O.S.1971 § 9 and that Appellant is not entitled to punitive damages. He also argues that the primary question concerned is to establish the existence of the trust agreement and rightfully argues the existence of a trust is equitable in nature and as such is a non-jury matter. The fault in his latter argument is that he completely overlooks the effect of his demurrer, and I assert that at the time of the hearing when the demurrer had been filed that all legal conclusions and inferences plead in Appellant's Petition must be construed most favorably to Appellant, including *the existence of the performed contract.* It logically follows that under Oklahoma Natural Gas Co. v. Pack, supra, Appellant is entitled to elect in favor of his action plead ex delicto. In the case of Hobbs v. Smith, 27 Okl. 830, 115 P. 347 (1911), a cause of action involving sale of diseased livestock under false pretenses pursuant to a sale agreement, it was held that the plaintiffs were entitled to bring a tort action, and recover exemplary damages. This Court stated:

". . . where a breach of contract is permeated with tort, the injured person may elect to waive the contract and recover in tort; or, differently stated, although the relation between the parties may have been established by contract, express or implied, if the law imposes certain duties because of the existence of that relation, the contract obligation may be waived, and an action in tort maintained for the violation of such imposed duties."

Review of the pleadings reveals that Burton (Appellant) may have been entitled to seek punitive damages if his evidence would support a cause of action in tort. At least he was entitled to have his pleadings liberally construed when the demurrer

was considered, and to present his evidence.

An additional reason for reversal may exist. It would have been much better trial practice to have ordered a preliminary hearing, without a jury, as to the existence of a trust agreement or the establishment thereof. If the trial court had followed this procedure, and no contract (trust agreement) had been proven, then Defendant (Appellee) would be entitled to have his demurrer sustained. On the other hand, if the Plaintiff (Appellant) proved the existence of the trust agreement then a trial by jury should follow since on either theory, ex contractu or ex delicto, Plaintiff (Appellant) would be entitled to a jury. Such action would have been best and proper and would have preserved both the Plaintiff's and the Defendant's rights, for the Defendant at the end of the Plaintiff's evidence would certainly be entitled to demur as to whether or not the proof showed him entitled to relief ex contractu or ex delicto, or any at all.

I do not say by this dissenting opinion that Appellant is absolutely entitled to an instruction as to punitive damages at the time of trial, unless his evidence at such time entitled him thereto.

I think the majority opinion wrong for an additional reason. To me it overlooks those cases which say that the nature of the grievance rather than the form of the pleadings should be the deciding factor in whether or not the cause sounds ex delicto or ex contractu. See Morriss v. Barton, supra, syllabus 6:

> "Whether an action sounds in tort or arises ex contractu must be determined by the nature of plaintiff's grievance rather than the form of the pleading."

and, at page 457 of 190 P.2d:

> "If the transaction complained of had its origin in a contract which placed the parties in such a relation that, in attempting to perform the promised service, the tort was committed, then the breach of the contract is not the gravamen of the suit. The contract in such

case is mere inducement, creating the state of things which furnishes the occasion of the tort, and in all such cases the remedy is an action on the case."

According to Black's Law Dictionary, 4th Edition, "action on the case" is defined "in its most comprehensive signification, it includes 'assumpsit' as well as an action in form ex delicto; at present when it is mentioned it is usually understood to mean an action in form ex delicto."

I am authorized to state that WILLIAMS, V. C. J. and SIMMS, J. join me in this dissenting opinion.