David SANER, Plaintiff,

v.

**HEALTHCARE COMPUTER CORPORATION, a Texas corporation, Defendant.**

**No. CIV–93–2055–T.**

United States District Court, W.D. Oklahoma.

Dec. 20, 1994.

---

1. Hudson was ultimately fined $16,500.00, while Baresel was fined $15,000.00 and Rackley was fined $12,500.00.

Nick C. Linholm, Stewart & Elder, Patricia D. Horn, Rodney C. Ramsey, Mary J. Tidholm, Hall Estill Hardwick Gable Golden & Nelson, Oklahoma City, OK, for plaintiff.

Ralph E. Seals, Jr., McKnight & Gasaway, Enid, OK, Michael E. Smith, Barnes Smith & Lewis, Oklahoma City, OK, J. Frank Parker, C. Brad Clinkenbeard, Meier & Parker, Bedford, TX, for defendant.

**1118**

## ORDER

RALPH G. THOMPSON, District Judge.

Defendant has filed a motion for summary judgment on plaintiff's claims for punitive damages as well as plaintiff's third cause of action. Plaintiff has also filed a motion for summary judgment. Because each motion raises similar issues, both motions will be addressed in this order.

Plaintiff's claims in this action are based on his former employment as a sales executive for defendant. Plaintiff contends that, by terminating his employment, defendant breached the employment contract executed by the parties. Plaintiff further contends that defendant's conduct in doing so is a tortious breach of the implied covenant of good faith which plaintiff contends existed in that contract. Plaintiff also alleges that defendant breached the terms of a commission agreement between the parties and that it also failed to reimburse plaintiff for certain business expenses plaintiff advanced from his own funds. Finally, plaintiff contends that defendant wrongfully failed to purchase health insurance for plaintiff, although defendant deducted funds for that purpose from plaintiff's compensation.

■■■ Summary judgment may be granted where there is no genuine issue of material fact and one party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Upon consideration of a motion for summary judgment, the facts presented must be construed in the light most favorable to the nonmoving party. *Board of Education v. Pico,* 457 U.S. 853, 863, 102 S.Ct. 2799, 2806, 73 L.Ed.2d 435 (1982); *Manders v. State of Oklahoma,* 875 F.2d 263, 264 (10th Cir.1989). Only disputes over facts which are material will preclude summary judgment; a material fact is one which might affect the outcome of the suit under the governing law, and such facts are genuinely disputed "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment is also properly entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. at 2552.

■ Defendant's motion for summary judgment initially argues that, with respect to plaintiff's third cause of action, plaintiff cannot prevail because that claim does not plead a cognizable cause of action. Plaintiff expressly alleges that defendant withheld funds from his compensation checks and that he was told such funds would be utilized to purchase health insurance for plaintiff and his family. Plaintiff then alleges that defendant failed to purchase health insurance and that plaintiff did not discover this failure until he incurred medical expenses exceeding $12,000.00. Defendant correctly notes that plaintiff does not clearly identify the legal theory on which this claim is based. In the response to the motion for summary judgment, however, plaintiff states his claim is based on the alleged breach of an oral promise. He also refers to the former employer's "deceit." In any event, the facts pled, if true, would support a cause of action for breach of an oral agreement. Therefore, defendant is not entitled to judgment on that basis.

Alternatively, defendant contends that it is entitled to judgment on the third cause of action because the statute of limitations has expired on any claim asserted. Plaintiff expressly pleads that the monies deducted from his compensation checks occurred during the period of January 1, 1991 until August 1992. This lawsuit was not filed until October 1994. Defendant argues that, assuming plaintiff seeks to assert a tort claim, the applicable Oklahoma statute of limitations is two years. Okla.Stat. tit. 12 § 95 (third). Therefore, this cause of action would have to have been asserted no later than August 1994 to avoid expiration of the statute of limitations.

■ Plaintiff responds by arguing the cause of action is based on the breach of an oral agreement, which is governed by the three year statute of limitations set forth in Okla.Stat. tit. 12 § 95 (second). Thus, plain-

tiff argues, the claim was brought within the three year period. Plaintiff apparently does not intend to assert a claim based on misrepresentation or conversion. Such claims would be barred by the expiration of the statute of limitations, and no facts are pled to avoid that bar. Inasmuch as plaintiff pursues this cause of action as a breach of an oral agreement, the claim is not barred because it appears to have been brought within three years of the occurrence.[1] Plaintiff has plead sufficient facts to avoid a ruling that the statute of limitations has expired on this claim. Accordingly, defendant's motion for summary judgment on the third cause of action is DENIED.

Defendant's motion also seeks judgment on plaintiff's claim for punitive damages arising from a purportedly tortious breach of the employment contract. Defendant argues that punitive damages are not available for breach of contract in Oklahoma under Okla. Stat. tit. 2359, and that courts have authorized some only in cases involving insurance contracts. *See Christian v. American Home Assurance Co.,* 577 P.2d 899 (Okla.1977); Okla.Stat. tit. 23 § 9. Oklahoma courts have, in fact, rejected a claim for punitive damages where plaintiff has alleged a breach of contract which was committed falsely, fraudulently, willfully and maliciously. *Burton v. Juzwik,* 524 P.2d 16, 19–20 (Okla.1974).

■ Plaintiff responds that the employment contract contains an implied covenant of good faith and fair dealing and it is the breach of that covenant on which plaintiff's claim for punitive damages rests. Plaintiff relies on *Burk v. K–Mart Corp.,* 770 P.2d 24 (Okla.1989), and cites that portion of the decision which states that "a tort may arise in the course of the performance of a contract and that tort may then be the basis for recovery even though it is the contract that creates the relationship between the parties." *Id.* at 28. Plaintiff overlooks the fact that this statement was in the context of the *Burk* court's decision that recognizing a new cause of action in tort for termination of an at-will employee where such termination was con-

trary to a clear mandate of public policy. *Id.* More important, however, plaintiff overlooks the fact that the *Burk* court expressly declined to recognize a cause of action based on the breach of an implied covenant of good faith and fair dealing in an at-will employment contract. *Id.* at 26. Contrary to plaintiff's argument, *Burk* does not recognize a tort cause of action for breach of every employment contract or relationship. In fact, it expressly rejected that theory. *Id. Burk* does not support plaintiff's argument.

■ More closely related to the facts of this action is the decision in *Hall v. Farmers Ins. Exchange,* 713 P.2d 1027 (Okla.1985). In *Hall,* an insurance agent whose employment was at-will sued his former employer to recover unpaid commissions. The agent contended that, although his contract provided for termination at-will, his employer owed him commissions earned prior to his termination. *Id.* at 1029. The plaintiff in *Hall* did not seek punitive damages and did not contest to his employer's right to terminate him. He only sought recovery of earned commissions and other damages due and owing to him as a result of the agreement between the parties. *Id.* at 1028–29. The court found he could not be deprived of earned commissions solely because he could be terminated at will. Contrary to the argument of plaintiff in this action, the *Hall* court did not recognize a cause of action for breach of an implied covenant of good faith in every employment contract. Rather, it held that, in the context of an agency relationship, the principal could not wrongful deprive the agent of the fruits of his contract by precluding recovery under the auspices of an employment-at-will provision. 713 P.2d at 1030–31.

■ Plaintiff in this action was not an at-will employee but had the benefit of an employment contract for a specified term which also provided that his termination could be based only on certain grounds. He alleges his termination constitutes a breach of the contract because those grounds did not exist. He seeks damages based on the amounts allegedly lost as a result of defendant's

---

1. The precise dates on which the amounts were withheld and the plaintiff's discovery of same are not clearly set out. The evidence may ultimately show that this claim is barred; however, the court cannot make that determination on the record before it at this time.

breach of the employment contract. Plaintiff cites no authority, and the court has located none, in which the Oklahoma courts have extended a cause of action for punitive damages based on a breach of an employment contract. Furthermore, the courts have rejected claims for punitive damages where, as here, the only basis for such damages is the allegation that the breach occurred as a result of defendant's bad faith or malice. *Burton*, 524 P.2d at 19–20. Accordingly, plaintiff cannot recover punitive damages on his claim of breach of the employment contract and defendant is entitled to judgment on the claim for punitive damages. To that limited extent, defendant's motion for summary judgment is GRANTED.

As defendant points out, plaintiff's motion for summary judgment is unclear in that plaintiff does not state whether judgment is sought on his claims or the counterclaim asserted by defendant. A close reading of plaintiff's motion, however, indicates that it can only be based on plaintiff's claims to recover compensation due and owing under the compensation agreements executed by plaintiff and defendant. Although there is considerable discussion regarding defendant's counterclaim which asserts that plaintiff misrepresented information on which the compensation was based, that argument appears to be an attempt to avoid a finding that a factual dispute exists regarding the amount of compensations owed. In any event, it is apparent that the amounts owed to plaintiff as compensation, if any, and the accuracy of the information on which that compensation was based present disputed facts which cannot be resolved in a motion for summary judgment. Accordingly, plaintiff's motion for summary judgment is DENIED.

For the foregoing reasons, defendant's motion for summary judgment is DENIED as to plaintiff's third cause of action and GRANTED as to plaintiff's claim for punitive damages. Plaintiff's motion for summary judgment is DENIED in its entirety.

IT IS SO ORDERED.