No. 35,695

ALBERT MARTIN, *Appellee,* v. DON S. HUGHES, *Appellant.*

(131 P. 2d 682)

Opinion filed December 12, 1942.

*Arnold C. Todd,* of Wichita, argued the cause, and *Kurt Riesen,* of Wichita, was on the briefs for the appellant.

*J. Roderick Mayall,* of Wichita, argued the cause for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover damages, actual and punitive, on account of willful, malicious and wanton misrepresentations as to an automobile sold to plaintiff by defendant. Judgment was for the plaintiff. Defendant appeals.

The petition alleged that about February 15, 1941, defendant sold plaintiff an automobile for the agreed sale price of $745; that at the time of the sale defendant represented to plaintiff that the automobile in question was a new one and had never been driven; that these representations were false and fraudulent and were maliciously made by the defendant for the purpose of defrauding the plaintiff and plaintiff relied upon them; that in truth the automobile was not new; that it had previously been sold by defendant to a rural mail carrier who had driven it for about ninety days, over 7,000 miles; that at the date of the sale to plaintiff the automobile in question was not worth $745, but was actually worth only $300 and plaintiff had been damaged in the amount of $450; that the false and fraudulent representations were willfully and maliciously made with the deliberate intent to injure plaintiff and plaintiff was entitled to $10,000 punitive damages. Judgment was asked in the amount of $10,450.

The answer was a general denial and specifically denied that defendant represented to plaintiff that the car was new. At the close of the evidence of plaintiff, defendant demurred to it. This demurrer was overruled. The case was submitted to the jury. The jury in answer to special questions allowed plaintiff $175 actual damages and $300 punitive damages. A verdict for $475 was returned. The defendant filed a motion to set aside the verdict for the reason that it was contrary to the law and the evidence. This

motion was overruled. The defendant then filed a motion for a new trial. It was overruled and judgment was rendered for the amount of the verdict.

Defendant argues first that the trial court erred in overruling his demurrer to the evidence of plaintiff. Defendant concedes that there was substantial evidence that defendant represented that the car was new when in fact it was a used car and not reasonably worth the contract price, but argues that it was incumbent upon the plaintiff to prove the actual or reasonable market value of the car at the time he purchased it. Defendant argues that the evidence of plaintiff as to the value of the car was mere conjecture and not sufficient to sustain a judgment.

To sustain the above argument defendant points out that the rural mail carrier testified that he had the car in his possession sixty-three or sixty-four days; that he had, in his opinion, driven it between seven and eight thousand miles. Defendant then points out the improbability of the mail carrier having actually driven the car that many miles in the length of time he had it. This would go to the credibility of the witness and the weight of the testimony, but would not destroy it as substantial evidence that the car actually was of less value than had it really been a new car. There was other evidence on the question of the damage sustained by plaintiff.

Two witnesses testified in answer to hypothetical questions as to the value of a car such as that sold the plaintiff when it was new, and as to its value when driven as far as the evidence disclosed this car had been driven. One of these witnesses testified that, in his opinion, such a car would be worth between $525 and $575. Now there is no dispute at all as to what the car sold for, that is, $745, so the testimony of this witness would put the damage which plaintiff had sustained at $170, admitting that the expert was right and the car as it was used was worth the highest figure. The other expert testified that it would be worth in his judgment $225 less than a new car. There was no dispute about the fact that the price at which the car was sold was the regular price at which such cars sold at that time when new. This testimony was given in response to a hypothetical question, but we have examined the hypothetical question and it stated fairly the facts as to the use to which the car had been put.

Defendant argues that this testimony does not constitute substantial evidence of the value of the car because these witnesses had

not seen it and its value would depend upon its condition and the way it had been used. Here, again, the argument of defendant goes more to the weight of the testimony than as to whether or not it constituted substantial evidence as to the value of the car. These witnesses were qualified as men who dealt in automobiles. It is well known that dealers in automobiles must be skilled in placing a value upon used cars and there is a pretty definite scale of values to be placed upon them, dependent upon the length of time and number of miles they have been driven.

Defendant next argues that his demurrer to the evidence of plaintiff should have been sustained because plaintiffs' own evidence showed that he was bound to know that the car in question at the time he purchased it was not a new car, but a used car. This argument is based upon the fact that the title certificate which plaintiff received for the car was from the person to whom the car had been first sold by defendant. Defendant argues that this should have given plaintiff notice of the fact that the title to the car he was buying as a new car had been in a person other than the one from whom he was buying it, and hence it could not be new. The trouble about that argument is that this action was based upon the theory that the defendant stated positively that the automobile in question was a new car and had not been driven. Under such circumstances the plaintiff was entitled to rely upon that statement. Furthermore, there was an added consideration here that the defendant had adjusted the speedometer of this automobile so that it would not show the number of miles it had been driven.

In *Westerman v. Corder*, 86 Kan. 239, this court held:

"When a false representation is of a matter presumably within the knowledge of the person making it, not made in the way of commendation or as an opinion merely, but as a positive assertion of an existing fact to induce the other party to enter into the contract, such party having no knowledge to the contrary, ·may if he act in good faith accept the representation as true, and is not bound to make inquiries or examination for himself." (Syl. ¶ 2.)

In that opinion this court said:

"It is contended that the appellee should be denied relief because he did not examine the records. It would be highly inequitable to say to one who in good faith has relied upon the express declaration of another that he owned the land and could convey a perfect title, that he might have ascertained its falsity by proceeding to the county seat, which in this case was 17 miles distant, and making an examination of the record. The obligation of ordinary good faith precludes the vendor from seeking shelter under such a claim." (p. 244.)

In *Disney v. Lang*, 90 Kan. 309, this court held:

"Fraudulent representations made by the grantor of land as to the number of acres taken and occupied as the right of way of a railroad through the tract sold, and upon which the grantee relied to his injury, entitle him to a recovery of damages for the loss actually sustained, although he learned from the instrument of conveyance and other sources that the railroad company had a right of way over the land but did not know the extent of the same." (Syl. ¶ 1.)

See, also, *Speed v. Hollingsworth*, 54 Kan. 436, and *Murray v. Davies*, 77 Kan. 767.

The defendant points out in instruction No. 14 that the court instructed the jury as to the provisions of G. S. 1939 Supp. 8-126 to 8-135 and that in instruction No. 11 the court instructed the jury to the effect that if the plaintiff purchased the car as an individual and received his title to the car from the defendant by the defendant's assigning his title certificate then the plaintiff was presumed to have known the law and to have discovered that the car he was purchasing was a used car at the time he received his title. Defendant contends that these two instructions were not objected to by the plaintiff and hence became the law of the case.

The sections covered by instruction No. 14 are the ones that provide for the transfer of title to automobiles and that the car dealer must be registered with the vehicle department and deliver the bill of sale on the form provided by the vehicle commission when he sells a car. The instruction states the provisions of that statute correctly.

The defendant argues that since these instructions amounted to a holding by the court, that the certificate of title which the plaintiff received showed the person to whom defendant had first sold the car had owned it just before the title was transferred to plaintiff, the plaintiff should have learned that the car was not a new car, and hence he is precluded from recovery.

The answer to that argument is that the record shows clearly that the plaintiff did object to these two instructions. Furthermore, instruction No. 11 did not correctly state the law. It would not do for us to say that a car dealer could have some sort of a transaction with reference to a car so that the title would be temporarily in some other person, and that he could later make a misrepresentation as to whether or not the car was new or used and because of the prior transaction escape liability for his misrepresentation and fraud. The authorities already cited in this opinion sustain this

view. We hold, therefore, that the court was correct in overruling the demurrer of the defendant to the plaintiff's evidence.

Defendant next argues that the court erred in failing to direct a verdict for him at the close of the introduction of the evidence. What has already been said with reference to the demurrer to the evidence is a good answer to this argument.

Defendant next argues that the court erred in submitting the question of punitive damages. The petition alleged that the misrepresentations were willfully, wantonly and maliciously made by defendant with the deliberate intention to damage the plaintiff.

The court instructed the jury that punitive damages were only recoverable where actual damages were allowed and could be recovered where there was fraud or deceit or a wrongful act of a willful, wanton or malicious nature.

We have seen what the evidence was as to the misrepresentation and fraud of the defendant. There was substantial evidence that defendant told plaintiff the car was a new car and had never been driven, when as a matter of fact it had been driven a substantial number of miles. There was substantial evidence that defendant took active steps to deceive the plaintiff by turning back the speedometer and by writing up the papers by which the title was passed and the sale financed as though it were a new car.

In *Cady v. Case*, 45 Kan. 733, 26 Pac. 448, this court held:

"The cases of *Malone v. Murphy*, 2 Kan. 250; *Wiley v. Keokuk*, 6 id. 94, and other similar decisions in this court, holding that, whenever the elements of fraud, malice, gross negligence, or oppression mingle in the controversy, the law allows the jury to give what is called exemplary or vindictive damages, followed." ( Syl. ¶ 1.)

In *Stalker v. Drake*, 91 Kan. 142, 136 Pac. 912, this court said:

"Such damages are allowable not because of any special merit in the plaintiff's case, but are imposed by way of punishing the defendant for malicious, vindictive or a willful and wanton invasion of the plaintiff's rights, the purpose being to restrain him and deter others from the commission of like wrongs. Such damages are only given where malice, fraud or a willful and wanton disregard of the rights of others enter into the case." (p. 150.)

In *Jones v. West Side Buick Co.*, 231 Mo. App. 187, 93 S. W. 2d 1083, the court in affirming a judgment for punitive damages stated the facts of the case as follows:

"This is an action for damages both actual and punitive alleged to have been sustained by plaintiff, P. C. Jones, as a result of the fraud practiced upon him by defendant, West Side Buick Auto Company, in connection with the

sale to him of a used automobile. In his petition plaintiff alleged that on August 24, 1933, he bought from defendant a second-hand Buick sedan for which he paid defendant the sum of $837.50; that at and prior to the time of the sale defendant represented to plaintiff that the automobile had been driven only some 20,000 miles, and was of the value of a Buick automobile driven only that distance, and was worth the price for which the car was sold to plaintiff; that said representations were false and fraudulent and were maliciously made by defendant for the purpose of defrauding plaintiff and of inducing him to purchase the automobile; that plaintiff relied upon said representations and purchased the automobile on account of the same; that in truth and in fact the automobile had been driven some 48,000 miles, and was of the value of an automobile that had been driven that distance, and at the time of its sale to plaintiff was actually worth only $337.50. Plaintiff prayed judgment against defendant in the sum of $500 actual damages and $10,000 punitive damages. . . . For its next point against the instructions defendant complains of the refusal of its instruction designed to withdraw the question of the allowance of punitive damages from the consideration of the jury. In brief, its point is that in cases such as this punitive damages are not to be allowed unless the wrong involves some violation of duty springing from a relation of trust or confidence, of where the fraud is gross, or unless the case presents other extraordinary or exceptional circumstances indicating malice and willfulness, as where it might appear that the defendant had acted with the deliberate intent to injure the plaintiff. It argues that none of such essential elements were present in the case at bar so as to have made the case one for the assessment of punitive damages, and that consequently the question of punitive damages should have been withdrawn from the jury's consideration at its request." (pp. 192, 198.)

It would be difficult to think of a case where the facts would more clearly warrant the giving of an instruction on punitive damages. We hold that the court was correct in instructing the jury as it did on that question. There are some cases cited and relied upon by defendant where this court held that punitive damages were not allowable, but we have examined them and find they are not in point in this case. We have a good many authorities which hold that certain negligence was not wanton so as to bring the case under a particular statute. However, those cases are not in point here.

·The judgment of the trial court is affirmed.