No. 38,581

Joseph McWilliams and Helen McWilliams, his wife, *Appellees,* v. Christina Barnes, *Appellant.*

(242 P. 2d 1063)

Opinion filed April 12, 1952.

*Justus N. Baird,* of Kansas City, argued the cause and was on the briefs for the appellant.

*James J. Lysaught,* of Kansas City, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

Thiele, J.: This was an action to recover damages for misrepresentations made in connection with a sale of real estate, and from a judgment in favor of plaintiffs the defendant appeals.

The action was commenced on August 18, 1950, in the city court of Kansas City. In their bill of particulars plaintiffs alleged that on November 18, 1947, they entered into a written option purchase contract for certain described real estate at an agreed price of $4,500, and at that time defendant stated and represented to them that the drainpipes in the house situated on the real estate were connected to and emptied into the city sewer system; that about the latter part of September, 1948, plaintiffs discovered that the

drain pipes were not so connected but drained into a pit on the rear of the property, and at the time of discovery the pit was overflowing and sewage lay on top of the ground; that plaintiffs could not have discovered the falsity of defendant's statement about the drains connecting with the city sewer by ordinary inspection of the property; that such statements were wilfully, maliciously and wantonly made for the purpose of defrauding plaintiffs; that the actual value of the real estate at the time of plaintiff's purchase was $3,800 instead of $4,500 and plaintiffs had been damaged in the sum of $700; that by reason of the false statements and the wanton and malicious manner in which they were made with deliberate attempt to injure the plaintiffs, they were entitled to punitive damages in the sum of $250; and they prayed judgment for these sums.

Trial in the city court resulted in a judgment for defendant. Plaintiffs appealed to the district court, where defendant filed an answer containing a general denial and an allegation that plaintiffs' cause of action was barred by the statute of limitations.

A trial by jury was had. Defendant's demurrer to plaintiffs' evidence was overruled, defendant offered her evidence, the cause was submitted to the jury under instructions of which no complaint was made and the jury returned a verdict in favor of plaintiffs and against defendant for actual damages of $700 and punitive damages of $250. Defendant's motion for judgment notwithstanding the verdict and her motion for a new trial were denied and she perfected her appeal to this court, her specification of errors covering the matters hereafter discussed.

Consideration of appellant's complaint that the trial court erred in overruling her demurrer to appellees' evidence requires a brief review of the evidence. The evidence disclosed that on November 18, 1947, appellant and appellees entered into a written contract that in consideration of the sum of $1,000 paid to appellant by appellees, the appellees were given until January 1, 1948, the option to purchase the involved real estate for $4,500 and the right to extend the option from month to month thereafter by the payment of $35 on the first day of each succeeding month thereafter. Endorsements on the contract showed that it had been fully complied with by appellees up to the time of filing the action. Without detailing the evidence of any witness, the proof tended to show that prior to the execution of the contract appellees inspected the house on the real estate, inquired about the drains from the bath, toilet and

kitchen sink and were informed by appellant the drains were connected with the sewer in the street; that in September, 1948, the sewer stopped up and on inquiry then made it was found the drains connected with the cesspool in the back yard and not with the sewer; that efforts to secure settlement were unavailing and action for damages was commenced. Other evidence tended to show the value of the premises with and without sewer connections. Other evidence tended to show that appellant was warned by a third party that if she sold the property she had better tell the buyers the property was not connected with the sewer and appellant replied it was on the sewer. We note further that appellant, testifying in her own behalf, stated that one of the appellees asked her if the property was connected to the sewer and that she answered, "The sewer is across the street."

The appellant presents four grounds that the trial court erred in overruling her demurrer to the evidence.

I. She first asserts that if there was any fraud the appellees have waived it by continuing to make the payments due under the contract after they had discovered the fraud, and in support she directs attention to *Bell v. Keepers*, 39 Kan. 105, 17 Pac. 785; *Cleaves v. Thompson*, 122 Kan. 43, 251 Pac. 429; and *McLean v. Clapp*, 141 U. S. 429, 35 L. Ed. 804, 12 S. Ct. 29. Examination of those decisions discloses that in each the action was not one on the contract to recover damages, but was one to rescind. Such cases are not in point here. The general rule applicable here is that a party defrauded in the making of a contract, who discovers the fraud after having partly performed, may continue with performance and also have his action for damages. See annotation on "Proceeding under executory contract after discovering fraud as waiver of right to recover damages for the fraud" in 13 A. L. R. 2d 807, 815. The rule above stated is the rule in Kansas. See *Bushey v. Coffman*, 109 Kan. 652, 201 Pac. 1103, where it was held:

"A party induced by fraudulent representations to enter into a contract which has been partly performed before the discovery of the fraud, does not waive the fraud by an election to affirm the contract, complete its performance and retain what was received under it, and is not precluded from recovering damages sustained by reason of the fraud because of delay if his action is begun within the period fixed by the statute of limitations." (Syl. ¶ 3.)

II. Appellant also contends that the statute of limitations commenced to run from the date of the contract. The gist of the con-

tention is that nothing prevented appellees from making a full and complete inspection of the premises, and, inferentially that they did make inquiry concerning the sewer and cannot now be heard to say they were damaged by something concerning which they sought information and which, by the exercise of more diligence, they might have learned. It seems to us this contention is entirely without merit. Appellees made inquiry from appellant, who knew but concealed the fact. We know of no rule of law that would compel the appellees to have made inquiry throughout the neighborhood to determine whether appellant had told the truth, nor to have searched records, if any were available and there is no showing there were any, to discover whether a sewer connection had been made, nor to have conducted an excavating expedition to learn the fact. Without further discussion, we hold that appellees' cause of action accrued when they discovered the fraud on the occasion when the drains from the house to the cesspool in the back yard clogged and the fact they were not connected to the sewer then became known.

III. Appellant also makes some contention that a sewer is a drain to convey off water or filth underground, and that the connection to the tank, pit or cesspool in the back yard was a connection with the sewer. It is quite evident this is an afterthought. The record discloses rather clearly that neither the appellees nor the appellant considered that inquiries made and answered referred to any connection with a cesspool, and our statutes pertaining to first-class cities, of which Kansas City is one, clearly indicate that a cesspool is not a sewer (see G. S. 1949, 13-436).

IV. Appellant directs attention to *Wyatt v. Taylor,* 166 Kan. 453, 457, 201 P. 2d 647, where it was held that one who asserts fraud has the burden of proving it by a preponderance of the evidence which must be clear, convincing and satisfactory, and she contends the evidence did not meet that test. The above rule applies where the evidence is to be weighed in arriving at a judgment, but does not apply where the evidence is attacked by demurrer. The oft repeated rule is that in considering a demurrer to evidence the trial court cannot weigh evidence but must consider it and all reasonable inferences that may be drawn in favor of the party offering it. Among other cases where both of the above rules have been considered are *In re Estate of Bond,* 158 Kan. 776, 780, 781, 150 P. 2d 343, and *Staab v. Staab,* 160 Kan. 417, 163 P. 2d 418. In the latter case it was held:

"In order to decree the relief sought in an action such as that described in paragraph one of the syllabus plaintiffs' evidence should be carefully weighed and must be clear and satisfactory. On a demurrer, however, courts are not permitted to compare portions of such evidence or to weigh it but must accept it as true, consider only the favorable portions thereof and resolve all inferences which reasonably may be drawn therefrom in favor of the plaintiffs. If, when so considered, the evidence fairly tends to establish a cause of action the demurrer should be overruled." (Syl. ¶ 2.)

The appellees' evidence was not subject to demurrer for any of the reasons asserted by the appellant.

Appellant contends that the trial court erred in denying her motion for a new trial.

A part of her complaint that the evidence did not support the verdict has been considered in discussing the demurrer. Without repetition of the evidence we are of the opinion that it fully supported the finding inherent in the verdict that appellant misrepresented to the appellees that the drains were connected with the sewer, and that there was clear, convincing and satisfactory proof thereof, as in effect the trial court held.

Appellant also contends that the evidence did not justify any award of punitive damages against her, her contention being there was no evidence of concealment on her part. No complaint is made as to the instructions of the court to the jury for its guidance in determining whether such damages should be allowed, nor the amount. There is no contention the jury disregarded the court's instructions, nor that the verdict was excessive. Appellees' evidence tended to show concealment and appellant's own testimony tended to show, if not concealment by affirmative act, a statement tending to deceive. The jury, by its verdict, found that appellant was guilty of wilful misrepresentation. The trial court not only approved the verdict, but denied the motion for a new trial. By analogy this case is quite like that considered in *Martin v. Hughes,* 156 Kan. 175, 131 P. 2d 682. What is there said as to when punitive damages are recoverable need not be repeated, but that decision and those cited therein demonstrate that the award in this case was proper.

No error of the trial court has been made to appear and its judgment is affirmed.