**Z. D. HOWARD COMPANY, Appellee,**

v.

**Tommy J. CARTWRIGHT and Kerry Cartwright, Appellants.**

**No. 46802.**

Supreme Court of Oklahoma.

June 17, 1975.

Donald D. Thompson, Sapulpa, and Joe A. Moore, Memphis, Tenn., of counsel on the brief, for appellants.

Watson & Watson, by Charles D. Watson, Jr., Drumright, for appellee.

HODGES, Vice Chief Justice.

The question presented by this appeal is whether exemplary damages are allowable under Appellant's cross-petition.

Appellee contends that Appellant's cross-petition is nothing more than an action for breach of a contract, and cites the general rule, supportive by our statute, 23 O.S.1971 § 9, that exemplary damages are not recoverable in action arising from contract.

Appellants counter that their cross-petition is based upon an action in fraud;

therefore, the action sounds in tort, and punitive damages are recoverable.

The facts leading to this confrontation arise out of a sale of an automobile by the Appellee (seller) to the Appellants (buyers). The promissory note, which the buyers executed upon sale of the car, was allegedly in default, and seller filed an action to recover the unpaid balance.

The buyers filed an answer and cross-petition. They admitted the execution and delivery of the note and installment contract, and that seller was the owner of the note. However, they alleged they were induced to execute and deliver the note by false and fraudulent material misrepresentations made by seller, and that the fraud destroyed the mutuality and consideration for the note. They asserted that they entered into the purchase agreement with the understanding that the automobile was new. They alleged that the car was not new, but had been heavily damaged prior to delivery, and that the seller had knowledge of these facts. Buyers prayed for rescission of the note and installment contract, attorney fees, and for damages in the amount of consideration paid to the seller.

In the alternative buyers alleged that the seller had breached expressed and implied warranties in the amount of the difference between the actual value of the automobile as delivered and the value had it been as warranted.

Buyers further alleged damages of $27.16 paid by them to seller for repair to the car due to its damaged condition on delivery.

Subsequently, buyers filed an amended cross-petition which adopted all previous allegations and in addition they asked for punitive damages. The pertinent amendments provided:

"Plaintiff and its partners, agents and employees at all times material hereto knew of the damaged condition of the 1970 Ford Torino automobile and they and each of them while acting within the scope of their authority and employment

knowingly and deliberately made the aforementioned false and fraudulent representations with the intent to deceive and defraud defendants and induce defendants to buy the 1970 Ford Torino automobile, or, in the alternative they and each of them remained silent with respect to the prior damaged condition of the automobile while knowing that the Ford Torino automobile had been falsely represented as a new automobile and by their acts of silence and omissions deceived and defrauded defendants.

"In addition to suffering the actual damages described in defendants answer and cross-petition defendants are entitled to recover punitive damages from plaintiff in the sum of $31,800.00."

Seller filed a demurrer to the cross-petition which was sustained by the trial court.

There is no question that buyers have sufficiently and adequately pled a cause of action in fraud, which is an action ex delicto. Only, in the alternative, did buyers also plead an action for an express or implied breach of warranty, which is an action ex contractu. We hold for the following reasons that buyers can maintain their cause of action in fraud and seek exemplary damages.

While it is difficult to harmonize our past decisions in this area, we can nevertheless formulate a pattern or general rule applicable to the facts of this case.

■ As a general rule, damages for breach of contract are limited to the pecuniary loss sustained, and exemplary or punitive damages are not recoverable. This rule is not applicable, however, in those exceptional instances where the breach amounts to an independent, willful tort. In such case punitive damages may be recovered under proper allegation.

The facts in the present case are especially adaptable to the exception above noted. For it was the alleged false misrepresentations of the seller which induced the buyers to enter into the contract for the sale of the automobile. In falsely representing the car to be a new one, when in fact it was not, the seller fraudently committed a tort, independent of their subsequent contract and agreement.

In Hobbs v. Smith, 27 Okl. 830, 115 P. 347 (1911) this court upheld an award of exemplary damages in an action brought by the plaintiff alleging the defendant had, by fraud and deceit, induced the plaintiff to purchase hogs which the defendant knew were infected with cholera.

In our latest pronouncement in Burton v. Juzwik, 524 P.2d 16 (Okl.1974) we denied exemplary damages in an action involving an oral contract whereby defendant, as trustee, acquired title to an oil and gas lease in trust for plaintiff, but conveyed the lease to a third party. However, we said the gravamen of plaintiff's action was for breach of an obligation arising from contract.

■ In the present case the gravamen of buyer's action is not for breach of contract, but is, as was present in the Hobbs case, supra, for the tortious conduct of the seller in falsely representing the car to be a new one, thereby inducing buyers to enter into the contract.

■ An action to recover damages for fraud inducing the making of a contract is not based on the contract but on tort. Consummation of the contract does not shield the wrong doer or preclude recovery of damages for the fraud. See McWilliams v. Barnes, 172 Kan. 701, 242 P.2d 1063 (1952) 37 C.J.S. Fraud § 63 p. 353. Thus it is not prohibited by 23 O.S.1971 § 9.

The sale of the automobile and execution of the note and mortgage fall within the purview of the Uniform Commercial Code. The language of the Code, 12A O.S.1971 § 1–106(1) provides:

"The remedies provided by this Act shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed but neither consequential or special nor penal damages may be had except as specifically provided in this Act or by other rule of law."

It is further provided by 12A O.S.1971 § 2–721 of the Code that remedies for material misrepresentation on fraud include all remedies available under the Code for non-fraudulent breach.

■ The Uniform Commercial Code recognizes the right to recover damages for fraud, but makes no provision as to the measure of damages. The prior non-code law continues to determine what damages are recoverable. It is to be noted that frequently punitive damages may be recovered in tort-fraud actions. 2 R Anderson, On The Uniform Commercial Code § 721.9, .16 at 520, 526, (2d ed. 1970, Supp.1973–1974). See also Buie v. Barnett First National Bank of Jacksonville, 266 So.2d 657 (Fla. 1972).

■ Because the Uniform Commercial Code permits recovery of damages in an action for rescission, punitive damages may likewise be recovered in such action where the breach is accompanied by fraudulent acts which are wanton, malicious and intentional. Grandi v. LeSage, 74 N.M. 799, 399 P.2d 285, 293 (1965).

Numerous jurisdictions have awarded punitive damages for seller's misrepresentations that automobiles sold to buyers were either new when they had been damaged, or had the speedometers turned back. See Sellinger v. Freeway Mobile Homes Sales, Inc., 110 Ariz. 573, 521 P.2d 1119 (1974); Buie v. First Nat'l Bank of Jacksonville, 266 So.2d 657 (Fla.1972); Ray Dodge, Inc. v. Moore, 479 S.W.2d 518 (Ark.1972); Manning v. Len Immke Buick, Inc., 28 Ohio App.2d 203, 276 N.E. 2d 253 (1971); J. Truett Payne Company v. Jackson, 281 Ala. 426, 203 So.2d 443 (1967); Williams v. Miller Pontiac Company, 409 S.W.2d 275 (Mo.App.1966); Martin v. Hughes, 156 Kan. 175, 131 P.2d 682 (1942); Stewart v. Potter, 44 N.M. 460, 104 P.2d 736 (1940).

In an action by an automobile dealer on an automobile sales contract in which the buyer counter-claimed for actual and punitive damages because a demonstrator was sold as a new car, the Supreme Court of Idaho in Boise Dodge, Inc. v. Clark, 92 Idaho 902, 453 P.2d 551 (1969) affirmed the award of punitive damages against the dealer. The court recognized that in certain cases elements of tort for which punitive damages have always been recoverable upon a showing of malice, may be inextricably mired with elements of contract in which punitive damages generally are not recoverable. In such cases, punitive damages are allowed according to the substance of a showing of willful fraud. Citing Ward v. Taggart, 51 Cal.2d 736, 336 P.2d 534 (1959).

The Arizona court also held in Madison's Chevrolet, Inc. v. McDonald, 109 Ariz. 100, 505 P.2d 1039 (1973); that the failure of a seller to inform the buyer that the automobile purchased by the buyer as a "new car" had been previously wrecked was a reckless indifference to the interest of others, and that such conduct is in violation of societal interests to such an extent as to warrant punitive damages so as to deter further wrong doing.

A similar result was obtained in Lewis v. Worldwide Imports, Inc., 238 Or. 580, 395 P.2d 922 (1964). The buyers' action against seller for alleged fraudulent representation, that the automobile extensively damaged was sufficient to establish fraudulent representation under the circumstances which warranted the imposition of punitive damages.

Seller also complains that buyers cannot pursue their remedy in tort because they have not waived the contract, but have sought rescission and damages for breach of warranty.

■ Prior to the adoption of the Oklahoma Uniform Commercial Code, a defrauded party had the option to rescind the contract or to sue for damages. He could not do both. But the Code specifically provides in 12A O.S.1971 § 2–721 that in an action for material misrepresentation or fraud, neither rescission or a claim for rescission of the contract bars a defrauded party from seeking a claim for damages.

As for the seller's contention that the buyers cannot rescind a contract and seek damages for breach of warranty, we agree. In Clements v. McConnell, 368 P. 2d 242 (Okl.1962), we held that a buyer who elected to rescind a purchase contract was precluded from seeking an action for damages for breach of warranty. However, in the present case, the buyers only pled an action for damages for breach of warranty in the alternative. At the present time, buyers have not been called upon to elect between their two remedies, which upon application by the seller at the proper time they will be required to do. Until such time, we find it unnecessary to further answer the contention.

We find that the amended cross petition states a cause of action. Judgment of the trial court in sustaining the demurrer is reversed and remanded.

WILLIAMS, C. J., and BERRY, BARNES and DOOLIN, JJ., concur.

IRWIN, LAVENDER and SIMMS, JJ., concur in the result.