J. Ted SEATON, Plaintiff-Appellant,

v.

LAWSON CHEVROLET–MAZDA, INC.,
and General Motors Acceptance Corpo-
ration, Defendants–Appellees.

Supreme Court of Tennessee,
at Knoxville.

Nov. 4, 1991.

Howard R. Dunbar and James A. Nidif-
fer, Johnson City, for plaintiff-appellant.

Eric D. Christiansen, Greeneville, for de-
fendants-appellees.

## OPINION

REID, Chief Justice.

This case presents an appeal by the pur-
chaser of an automobile from the judgment
of the Court of Appeals reversing a jury
award of punitive damages against the sell-
er. Review of the applicable statutes
shows that the assessment of punitive dam-
ages should be allowed.

In August 1986, Seaton purchased a 1986
Chevrolet Camaro from Lawson Chevrolet,
a dealer in new and used automobiles. The
automobile had been a "demonstrator" and
had been driven 6,599 miles by the dealer
before it was sold to appellant Seaton. Pri-
or to the sale and unknown to Seaton, one
of Lawson Chevrolet's employees had
wrecked the automobile, causing extensive
damage to the car, including damage to the
frame. Lawson Chevrolet repaired the
automobile in its shop. Several weeks af-
ter Seaton purchased the automobile, he
discovered the damage and demanded the
refund of payments made on the vehicle
because of its damaged condition. A dis-
pute arose over whether Seaton had been
told about the damage prior to the sale.

When Lawson Chevrolet refused to re-
scind the sale, Seaton sued, alleging fraud-
ulent misrepresentation and violation of the
Consumer Protection Act, T.C.A. §§ 47–18–
101 to –117. Seaton also sought, pursuant
to T.C.A. § 47–2–711, revocation of his ac-
ceptance of the vehicle and compensatory
and punitive damages.

By its verdict, the jury found that Seaton
was entitled to rescission of the contract,
refund of payments made in the amount of
$13,077.09, and punitive damages of $20,-
000.

The Court of Appeals affirmed the ver-
dict for rescission and for a sum equal to
the payments made. In reversing the
award of punitive damages, the court stat-
ed that had the jury's verdict for punitive
damages been predicated on the trial
court's charge of common law fraud and
misrepresentation, it would have affirmed.
Apparently, the reversal was based on a
finding that there can be no award for

punitive damages when rescission of the contract is allowed pursuant to the Uniform Commercial Code (UCC).

■ The Court of Appeals was correct in stating that punitive damages may be awarded when the basis for rescission is common law fraud. The Court of Appeals properly reached that conclusion in an earlier opinion, *Hutchison v. Pyburn*, 567 S.W.2d 762 (Tenn.Ct.App.1977), in which the court stated:

We are aware of no case ruling on the availability of punitive damages in the precise context of the remedy of rescission and incidental damages presented here, and we realize that the Tennessee cases holding punitive damages available in equity also have generally been ones in which ordinary compensatory damages were awarded. (Citations omitted.) After examining the question closely, however, we are unable to perceive any good reason to preclude the award of punitive damages in a suit for equitable rescission and incidental damages such as this one. Indeed, logic compels us to hold that, as a matter of law, punitive damages are available in such a case if the plaintiff can demonstrate the requisite degree of bad conduct and intent on the part of the defendant.

567 S.W.2d at 766 (footnote omitted).

■ However, the Court of Appeals in this case erred in finding that rescission under the UCC precludes the award of punitive damages. Rescission under the UCC is available pursuant to T.C.A. § 47–2–608, which provides:

**Revocation of acceptance in whole or in part.**—(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it. . . .

The buyers' rights under rescission include recovery of the sum paid on the purchase price, according to T.C.A. § 47–2–711, which states,

**Buyer's remedies in general** . . . (1) Where the . . . buyer . . . justifiably revokes acceptance then . . . the buyer may

. . . [recover] so much of the price as has been paid. . . .

Section 47–2–721, T.C.A., permits the buyer who revokes acceptance also to sue for damages. That section provides:

[R]escission or a claim for rescission of the contract for sale . . . shall [not] bar or be deemed inconsistent with a claim for damages or other remedy.

Damages allowed are those specifically authorized under the UCC and other applicable rules of law. Section 47–1–106(1), T.C.A., provides:

The remedies provided by chapters 1 through 9 of this title shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed but neither consequential or special nor penal damages may be had except as specifically provided in chapters 1 through 9 of this title or *by other rule of law.*

(Emphasis added.) The UCC, therefore, contemplates an award of punitive damages when provided "by other rule of law." Section 47–1–103 provides the following:

Unless displaced by the particular provisions of chapters 1 through 9 of this title, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions.

Thus, in cases where the rescission is based on fraud, the purchaser may recover damages in addition to recovering payments on the purchase price.

In similar cases of fraudulent misrepresentation, other jurisdictions have held that UCC § 2–721 (counterpart to T.C.A. § 47–2–721) allows both rescission and punitive damages. In *Z.D. Howard Co. v. Cartwright*, 537 P.2d 345 (Okla.1975), an action was brought by the sellers of an automobile against the buyers, and the buyers filed an answer and cross petition wherein they sought rescission, damages for breach of warranty, and punitive damages for fraudulent misrepresentation of the condi-

tion of an automobile. The court pointed out that because the UCC permits recovery of damages in an action for rescission, punitive damages may likewise be recovered when the breach is accompanied by fraudulent acts that are wanton, malicious, and intentional. The court cited other jurisdictions where punitive damages had been awarded for sellers' misrepresentations that automobiles sold to the buyers were either new when they had been damaged or had had the speedometers turned back. One such case was *Boise Dodge, Inc. v. Clark*, 92 Idaho 902, 453 P.2d 551 (1969), wherein the Idaho Supreme Court upheld an award of punitive damages against a dealer under similar circumstances, recognizing that in certain cases elements of tort, for which punitive damages have always been recoverable upon a showing of malice, may be inextricably mired with elements of contract, in which punitive damages generally are not recoverable. In such cases, punitive damages are allowed according to the substance of a showing of willful fraud. The *Cartwright* court concluded,

> Prior to the adoption of the Oklahoma Uniform Commercial Code, a defrauded party had the option to rescind the contract or to sue for damages. He could not do both. But the Code specifically provides in 12A O.S.1971 § 2–721 that in an action for material misrepresentation or fraud, neither rescission or a claim for rescission of the contract bars a defrauded party from seeking a claim for damages.

537 P.2d at 348.

The right to recover punitive damages when rescission is based upon fraud was the basis for the holding in *Mitchell v. White Motor Credit Corp.*, 627 F.Supp. 1241 (M.D.Tenn.1986). The court recognized that the theories of rescission and damages for breach of contract generally are inconsistent remedies and that a plaintiff's action for damages for breach of contract will be foreclosed if a rescission has actually taken place. The court further noted that rescission involves the avoidance of a transaction and usually involves the refund of the purchase price or otherwise

placing the parties in the position they occupied before the transaction took place. The court then held, "The purchaser who has been the victim of fraud or mistake, however, may recover, in addition to the purchase price, other damages which he or she incurred in good faith by reason of the fraud or mistake, such as the cost of improvements." 627 F.Supp. at 1252 (citing *Mills v. Brown*, 568 S.W.2d 100, 102–03 (Tenn.1978); and *Isaacs v. Bokor*, 566 S.W.2d 532, 538–39 (Tenn.1978)).

In *Beck Enterprises, Inc. v. Hester*, 512 So.2d 672 (Miss.1987), the purchasers of a used pickup truck brought suit against the sellers and finance company, alleging fraud and breach of implied warranty of merchantability. The court found that a plaintiff who successfully proves fraud is entitled to various remedies. The purchaser may rescind the contract and recover the purchase price or, alternatively, invoke the provisions of UCC § 2–721, which allows for rescission and punitive damages. The court held:

> The damages available under the UCC include, but are not limited to, compensatory damages under Miss.Code Ann. § 75–2–714 (1972) (counterpart to T.C.A. § 47–2–714), incidental damages under § 75–2–715(1) (counterpart to T.C.A. § 47–2–715(1)), and consequential damages under § 75–2–715(2) (counterpart to T.C.A. § 47–2–715(2)). (Citation omitted.)

> Additionally, in a fraud case, punitive damages are assessable "upon a showing of willful and intentional wrong, or for such gross negligence and reckless conduct as is equivalent to such wrong."

512 So.2d at 675 (quoting *Gardner v. Jones*, 464 So.2d 1144, 1149 (Miss.1985)).

Remedies for a seller's fraud are discussed in *American Jurisprudence* (2d ed.), as follows:

> Remedies for breach of any obligation or promise collateral or ancillary to a contract of sale are not impaired by the provisions of Uniform Commercial Code—Sales. With respect to claims for fraud, the Code provides that remedies for material misrepresentation or fraud

include all remedies available under Article 2 on Sales for nonfraudulent breach. In other words, it is intended that the Code correct the situation by which remedies for fraud have been more circumscribed than the more modern and mercantile remedies for breach of warranty, and thus, the remedies for fraud are extended to coincide in scope with those for nonfraudulent breach. Accordingly, neither rescission or a claim of rescission of the contract for sale, nor rejection or return of the goods, shall bar or be deemed inconsistent with a claim for damages or any other remedy, unless the circumstances of the case make the remedies inconsistent. Thus, the buyers of an automobile were entitled to bring an action both to rescind the contract and to recover damages for fraud based on the tortious conduct of the seller in falsely representing the car to be a new one, thereby inducing the buyer to enter into the contract. And recovery of damages for fraudulent misrepresentation in the sale of a horse was not barred where the plaintiff also sought o rescind the purchase contract, since the two theories are no longer inconsistent.

The buyer's remedies under the Code include the right to cancel and to recover so much of the price as has been paid, as well as to have other relief provided in the Code, such as damages.

67 Am.Jur.2d *Sales* § 1216 (1985) (footnotes omitted).

In the case before the Court, the Court of Appeals relied upon T.C.A. § 47–2–608, which pertains to revocation of acceptance when goods do not conform to the contract, and § 47–2–711, which limits the buyer's remedies to recovery of so much of the price as has been paid. However, the court did not consider T.C.A. § 47–2–721, which provides that in the case of fraud neither rescission or a claim of rescission of the contract for sale nor rejection or return of the goods shall bar or be deemed inconsistent with a claim for damages or other remedy.

In this case, the trial court charged the jury that punitive damages may be awarded in a contract rescission case when the requisite degree of bad conduct and intent on the part of the defendant is found. The jury's award of punitive damages is consistent with that instruction. As for the remedy, the jury chose to rescind the contract rather than to award the difference in market value. The award of punitive damages is not inconsistent with that remedy.

The judgment of the Court of Appeals modifying the award of punitive damages is reversed, and the judgment of the trial court is affirmed. Costs are taxed against the appellees.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.